Arthur W. NEWBURY, Appellant,

v.

Harold Robert LOVE, Appellee.
No. 13245.

United States Court of Appeals
District of Columbia Circuit.

Argued Dec. 11, 1956.

Decided Feb. 28, 1957.

Petition for Rehearing Denied
April 17, 1957.

Mr. Joseph Langbart, Attorney, Department of Justice, Washington, D. C., with whom Asst. Atty. Gen. George C. Doub and Messrs. Oliver Gasch, U. S. Atty., and Paul A. Sweeney, Attorney, Department of Justice, were on the brief, for appellant.

Mr. Charles F. O'Neall, Washington, D. C., for appellee.

Before WILBUR K. MILLER and BAZELON and WASHINGTON, Circuit Judges.

PER CURIAM.

Appellee, discharged from Government employment, consulted an attorney in an effort to obtain reinstatement. The attorney telephoned the appellant, the Government personnel officer involved, and discussed the case with him while appellee listened on an extension. In the course of the conversation, appellant said that appellee "had been fired on charges and that the charges were that [appellee] had taken papers out of the files at Jeffersonville, Indiana, Quartermaster Depot and given them to Senator Capehart without authority. * * * And that he had been found guilty of that by the Civil Service Commission, and other charges." Based on this matter appellee was awarded a verdict of $100 in his defamation suit.[1] This appeal resulted from the judgment entered on that verdict.

Appellant contended below that the statements complained of were not actionable, even if defamatory, because (1) he made them in connection with his official duties; and (2) he made them in reply to an inquiry from appellee's attorney and his reply was not malicious and did not go beyond the inquiry. National Disabled Soldiers' League v. Haan, 1925, 55 App.D.C. 243, 4 F.2d 436. The District Court overruled these contentions.

We think it clear that, in the circumstances of this case, appellant's statements were made in the proper performance of his official duties and are, therefore, absolutely privileged. Cf. Colpoys v. Gates, 1941, 73 App.D.C. 193, 118 F.2d 16. Since a judgment of dismissal should have been entered on this ground,[2] we need not decide any other questions presented.

Reversed and remanded with instructions to dismiss the complaint.

---

1. The suit had been based upon other allegedly defamatory material as well, but those matters were dismissed out of the case and are not here involved.

2. This defense was adequately, if inartistically, asserted in the District Court.