Ora E. GAINES
v.
Harry P. WREN.
Civ. A. No. 7233.

United States District Court
N. D. Georgia,
Atlanta Division.
July 13, 1960.

Scott Walters, Jr., East Point, Ga., for plaintiff Ora E. Gaines.

Charles D. Read, Jr., U. S. Atty., Slaton Clemmons, Asst. U. S. Atty., Atlanta, Ga., for defendant Harry P. Wren.

SLOAN, District Judge.

The above captioned case is one in which plaintiff seeks to recover damages for the publication of an alleged libel. The action was filed in the Superior Court of DeKalb County, Georgia, and was removed to this Court by the United States Attorney on the ground that the action "arises out of alleged acts of the petitioner as an officer of the United States of America acting under color of his office and the authority of the United States and in the official business of the United States."

It is alleged in the complaint that on or about the 28th day of August, 1959, defendant composed a letter addressed to Mr. Leland H. Waters, Jr., Executive Air Transportation Company, Inc., Box 742, Atlanta Air Station, Atlanta, Georgia, and that such letter "contained the following false and defamatory matter:

"Mr. Gaines was removed from the depot effective close of business, June 1, 1959. Reason: Insubordination, impertinence, disrespect, and making false statements in official communications."

It is further alleged that the reference in said letter to "depot" was to the Atlanta General Depot, U. S. Army, Forest Park, Georgia, and that such alleged defamatory matter was delivered by United States mail to Mr. Leland H. Waters to be read by him and that "pursuant to defendant's malicious intent, said writing was read by said Leland H. Waters, Jr. and divers other persons." It is alleged that defendant in making the communication intended for it to mean that a hearing had already been held on the charge and that the same was reason for removal and not simply a charge against plaintiff which had not been adjudicated and that the persons to whom the words were communicated "understood the words to have said meaning"; that defendant knew the words were untrue and that in the publishing of same defendant acted with malice towards plaintiff.

Plaintiff further alleges that said defamatory matter imputed and implied that he was not a good and faithful employee; whereas plaintiff has always enjoyed a good reputation for fidelity to his employment. Plaintiff alleges that at no time after such publication has defendant retracted or corrected the same nor informed the addressee "that on a hearing on the merits of the charges brought against plaintiff, plaintiff was completely exonerated." Damages are sought in the sum of $50,000.

The defendant has filed a motion for summary judgment on the ground that the acts complained of "were performed by defendant as a part of his duties and within the scope of his employment as an officer and employee of the United States and thus are absolutely privileged," and this motion is now properly before the Court for determination under the Local Rules of this Court.

In support of its motion for summary judgment defendant submits certain documents which will hereinafter be referred to; an affidavit of plaintiff dated February 4, 1960, and an affidavit of Oliver C. Harvey, Brigadier General, United States Army. In his affidavit General Harvey deposes, as follows:

That the Atlanta General Depot is, and was on the 28th day of August, 1959, a military installation of the United States Army and that affiant was on that date Commanding General of such installation and had under his command the defendant who was a civilian employee of the United States and who was at the time the "Acting Depot Industrial Relations Officer." The affiant deposes that a part of defendant's duties as such officer was to represent affiant "on industrial relations matters in connection with outside agencies and the general public" and that this duty "included replying to inquiries from prospective employers for information pertaining to the employment record of depot employees or former employees."

Exhibit A, attached to the motion, is a copy of a letter dated August 25, 1959, on the letterhead of Executive Air Transport Company and is as follows:

"Industrial Relations Officer
"Atlanta General Depot
"United States Army
"Forest Park, Georgia

"Dear Sir:

"The Executive Air Transport Company, Inc. is considering the employment of Mr. O. E. Gaines.

"Please furnish details of his separation from your facility.

"Yours truly

"(s) Leland H. Waters, Jr. President."

Exhibit B is a copy of the reply to this communication dated the 28th day of August, 1959, containing the matter complained of by plaintiff, the complete text of such letter being as follows:

"This is in reference to your letter dated August 25, 1959, inquiring as to the details regarding Mr. Ora E. Gaines' separation from this installation.

"Mr. Gaines was removed from the depot effective close of business June 1, 1959. Reason: Insubordination, impertinence, disrespect, and making false statements in official communications.

"Mr. Gaines elected to appeal his removal to the Fifth U. S. Civil Service Commission Regional Office in Atlanta. A hearing has been held and as of this date decision has not been received.

"It is requested that you hold this information as confidential."

The letter was signed by defendant as "Acting Industrial Relations Officer."

Exhibit C is a form of the Civil Service Commission used for notification of personnel action and contains the notice of plaintiff's removal effective June 1, 1959.

Exhibit D is a similar form and is a cancellation of the prior notice of removal because of "Retroactive restoration as recommended by the Civil Service Commission. Active duty begins 2–4–60."

Exhibit E is an affidavit by plaintiff as to the amounts earned by him from June 2, 1959, to February 3, 1960.

In an affidavit by plaintiff, in opposition to the motion, he deposes:

That he was not employed by the Atlanta General Depot on August 28, 1959, on account of his removal due to the charges contained in the letter identified as Exhibit B; that upon notification of the "proposed adverse action" plaintiff demanded a hearing before the United States Civil Service Commission, Fifth Regional Office in Atlanta, Georgia, under the Veterans Preference Act which was held prior to the 28th day of August, 1959, and that as a result of such hearing plaintiff was thereafter exonerated and that upon appeal by the Atlanta General Depot to the Civil Service Commission in Washington, D. C., the action of the Fifth Regional Office of such commission in Atlanta was approved. Plaintiff asserts that these are the only hearings which have been had in the matter.

Affiant further states, to the best of his information and belief, that CPR RI dated May 15, 1958, was in full force and effect on the 28th day of August, 1959, and that under these regulations information on an employee or former employee can only be released if it is of the category placed in his Official Personnel Folder and that § 3–2E of such regulation reads:

"The following material will not be placed in official personnel folders: (1) Records containing information of a derogatory nature which has not been conclusively proven or which the employee has not had an opportunity to refute. * * *"

Affiant further states that defendant was not the Industrial Relations Officer at the Atlanta General Depot, nor was he the Chief of the Industrial Relations Division at the Depot at any time in August, 1959, and that if he was Acting Industrial Relations Officer in August, on August 28, 1959, that he acted in such capacity only during the vacation of the Industrial Relations Officer or during

some other temporary absence of such officer from the Depot and not by virtue of any vacancy in the office requiring the appointment of defendant as Acting Industrial Relations Officer, and that upon information and belief affiant states that there is no public law or regulation of the Department of the Army or Civil Service Commission or the Atlanta General Depot which authorizes the use of this title during such period.

The question as to whether the publication of alleged libelous matter is made on a privileged occasion is one for the Court to determine where the facts and circumstances in connection with its publication are undisputed. See National Disabled Soldiers' League v. Haan, 55 App.D.C. 243, 4 F.2d 436, at page 440.

Where statements are made by a government official in connection with his official duties and in reply to an inquiry, and where the reply thereto is not malicious and does not go beyond the inquiry, such statements are considered to be made in the performance of the official duties of such officer, and are absolutely privileged. Newbury v. Love, 100 U.S.App.D.C. 372, 242 F.2d 372. See also, Barr v. Matteo, 360 U.S. 564, 79 S.Ct. 1335, 3 L.Ed.2d 1434; Howard v. Lyons, 360 U.S. 593, 79 S.Ct. 1331, 3 L.Ed.2d 1454; Preble v. Johnson, 10 Cir., 275 F.2d 275.

The plaintiff's contention that the act of the defendant was contrary to Civilian Personnel Regulations of the Department of the Army and that this would prevent the application of the privilege rule is answered, contrary to plaintiff's contention, in Preble v. Johnson, supra, [6–8], page 278.

It appears here from the affidavit of General Oliver C. Harvey that defendant was Acting Industrial Relations Officer at the Atlanta General Depot, a military installation of the United States Army on August 28, 1959, and that a part of the duties of defendant as such included "replying to inquiries from prospective employers for information pertaining to the employment record of depot employees or former employees." The affidavit of plaintiff does not controvert this fact but only questions the authority for his acting as such.

Under the above holdings, the Court is of the opinion that the statements here complained of were made by defendant in connection with his official duties, in reply to an inquiry, and that same were made by defendant in the performance of his official duties and are absolutely privileged.

Defendant's motion for summary judgment is sustained. A proper judgment may be prepared and presented.