**Ora E. GAINES**

v.

**Harrey P. WREN.**

**Civ. A. No. 7233.**

United States District Court
N. D. Georgia,
Atlanta Division.

Dec. 17, 1963.

Ora P. Gaines, plaintiff, pro se.

Charles L. Goodson, U. S. Atty., by Slaton Clemmons, Asst. U. S. Atty., for defendant.

SLOAN, District Judge.

On July 13, 1960, 185 F.Supp. 774, an Order was entered by this Court sustaining defendant's motion for summary judgment in the above stated case and on July 29, 1960, a judgment was duly entered in favor of defendant in accordance with such order.

On November 19, 1963, plaintiff filed a motion to set aside the judgment in defendant's favor on the grounds, briefly stated, that prior to July 28, 1960, defendant "had engaged in gross wrongdoings" etc., and that the "United States Department of Justice was duly informed of the crime, corruption and other wrongdoings prior to 28 July 1960, and agents of this Department have been collusively joined with said WREN and others to the end of corrupting justice."

On December 4, 1963, the United States Attorney, on behalf of defendant, filed a motion to dismiss plaintiff's motion to set aside the judgment on the ground that plaintiff's motion was not filed within the time permitted by Rule 60(b) of the Federal Rules of Civil Procedure.

Both of the above stated motions are now properly before the Court for determination under Local Rule 21.

Rule 60(b) of the Federal Rules of Civil Procedure provides, inter alia, that the Court, upon motion, may relieve a party from a final judgment for the following reasons:

1. Mistake, inadvertence, surprise, or excusable neglect.

2. Newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b).

3. Fraud, misrepresentation, or misconduct of an adverse party.

4. The judgment is void.

5. The judgment has been satisfied, etc.

6. Any other reason justifying relief from the operation of the judgment.

Under the provisions of this Rule the motion must be made within a reasonable time, and for reasons 1, 2 and 3, the motion must be made not more than one year after the judgment was entered or taken.

Subdivision (b) of this rule was not intended to benefit an unsuccessful litigant who long after time during which an appeal from a final judgment could have been effected or perfected, first seeks to express his dissatisfaction, since rule was not intended to afford a substitute for an appeal. Morse-Starrett Products Co. v. Steccone, 9 Cir., 205 F.2d 244.

The rule is not intended to provide relief for error on part of court or to afford a substitute for an appeal. It is the policy of the law to protect the finality of judgments not only for the benefit of the litigants but in the public interest in the expeditious disposition of litigation. United States v. Failla, D.C., 164 F.Supp. 307.

After due consideration on the motion of plaintiff to set aside the judgment is overruled and denied.